UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIDGET J. THOMAS | * | CIVIL ACTION |
| VERSUS | * | NO. 22-3511 DIV. (2) |
| CHARLOTTE BURROWS, CHAIR EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * | MAG. JUDGE CURRAULT |

## ORDER AND REASONS

Before me is a Motion for Partial Dismissal for Failure to State a Claim filed by Defendant Charlotte Burrows as Chair of the Equal Employment Opportunity Commissions ("EEOC") with regard to Plaintiff's sex- and disability-based claims and her claims for pre-May 24, 2019 retaliation, leaving for resolution her race- and age-based discrimination claims and post-May 24, 2019 retaliation claims.  ECF No. 23.  The matter was scheduled for submission on Wednesday, January 11, 2023.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Plaintiff Bridget Thomas failed to file an Opposition Memorandum, as required by Local Rule 7.5.  The motion is not only unopposed, but has merit.  Accordingly, considering the record, the submission and arguments of counsel, and the applicable law, the Defendant's motion is GRANTED WITHOUT PREJUDICE to Plaintiff's right to file a Second Amended Complaint within 14 days, for the reasons stated herein.

This matter was referred to the undersigned for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF No. 16.

## I.    BACKGROUND

Plaintiff, a now 58-year old white woman, worked as a paralegal contractor in the Legal Unit, Hearing Unit, and Alternative Dispute Unit of the EEOC's New Orleans Field Office from

November 25, 2014 through December 2016.  ECF No. 20 ¶¶ 11-12.  The EEOC hired Plaintiff directly on January 9, 2017, as an investigative assistant after which she was promoted to Investigator in the New Orleans Field Office on June 10, 2018.  *Id.* ¶ 13.  During the relevant time, she worked within the Enforcement Unit of the New Orleans Field Office, but is currently employed as a GS-11, Step 7 paralegal within the Hearing Unit of the Houston District Office.  *Id.*

Plaintiff's 42-page complaint sets forth 231 factual allegations spanning several years of her employment and identifying numerous events and comments that Plaintiff contends resulted from discriminatory animus.  She first contacted the Office of Employment Opportunity on December 26, 2019, and followed-up with her first formal complaint on April 13, 2020.  ECF No. 20 ¶¶ 6-7.  She again contacted the Office of Employment Opportunity on September 14, 2021, with a second formal complaint on November 4, 2021.  *Id.*  Plaintiff received her first determination letter on January 27, 2022 and filed suit on April 26, 2022, and received her second determination letter on August 15, 2022 and filed an amended complaint on November 8, 2022.  *Id.* ¶¶ 8-9.

In her complaint, as amended, Plaintiff alleges that she was subjected to a lower pay grade based on misrepresentation of her educational history, not promoted, endured race-based comments, discipline, unfair evaluation and misconduct accusations, and that she was bullied and excluded from work-related and social activities within the department.  *See generally* ECF No. 20.  Although Plaintiff's Amended Complaint recites complaints that she made through email and oral communications (e.g., *id.* ¶¶ 68, 73, 75, 78, 81, 82, 84, 86, 92-93), the first time she asserted that the conduct was based on her race, sex or age occurred on May 24, 2019.  *Id.* ¶ 96, at 18.  After that complaint, Plaintiff alleges that her supervisor prohibited her from working during vanpool commutes (which decision was overruled and then re-instated), accused her of stealing

time, excluded her from social activities, ignored and treated her differently based on her race, and changed her work schedule. *Id.* ¶¶ 100-29. Plaintiff also contends that she was promoted to GS-9 rather than GS-11 as was her co-worker. *Id.* ¶¶ 148-50, *see also id.* ¶ 18. Plaintiff was, however, promoted to GS-11 three months later. *Id.* ¶ 155. Plaintiff further alleges that Defendant failed to promptly investigate her complaints. *Id.* ¶¶ 139-46.

Plaintiff asserts claims of race- and sex-based discrimination in violation of Title VII (*id.* ¶¶ 179-94), disability discrimination in violation of the Rehabilitation Act (*id.* ¶¶ 195-204), age discrimination in violation of the Age Discrimination in Employment Act (*id.* second ¶ 204-¶211), hostile work environment (*id.* second ¶ 211-¶ 221), and retaliation (*id.* ¶¶ 222-231).

## II.   ARGUMENTS ON PARTIAL MOTION TO DISMISS

Defendant seeks dismissal of Plaintiff's claims for sex- and disability-based discrimination as well as any claim for retaliation occurring before she engaged in protected activity (i.e., her May 24, 2019 complaint). ECF No. 23-1 at 2. Defendant argues that Plaintiff only sets forth conclusory statements that any alleged discrimination was based on her sex (rather than her race), points to an alleged comparator who is also female, and admits that she understood that she was not onboarded at a higher pay grade because the position was announced at the lower pay grade. *Id.* at 2-4; 8-10. With regard to her disability claim, Defendant argues that, although Plaintiff alleges that she has a qualifying disability, she does not allege that she was not hired or that her hiring was impacted by her disability. Rather, she was granted a reasonable accommodation for her disability at her request for a period of several months. *Id.* at 4-5; 11-12. Finally, Defendant argues that Plaintiff did not allege any purported discrimination or disparate treatment based on any protected characteristic until May 24, 2019. For that reason, any alleged retaliation occurring before May 24, 2019, cannot provide a basis for a retaliation claim. *Id.* at 5-6; 12-13,

Plaintiff failed to file an Opposition Memorandum.

## III.    LAW AND ANALYSIS

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1]  Moreover, when the unopposed motion is a motion to dismiss with prejudice, the court cannot grant the motion solely because it is unopposed, without considering the merits of the arguments before it or less severe options.[2]

### A.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."  "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[3]  Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[4]  When a plaintiff is proceeding *pro se*, the pleading must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."[5]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[6]  Thus, it is not enough to allege facts consistent with a claim because the allegations must

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating dismissal because the court should have considered sanction other than dismissal with prejudice for failure to observe a filing deadline).
[3] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[4] *Id.*
[5] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotation and citations omitted).
[6] *Twombly*, 550 U.S. at 555 (citation omitted).

4

move past possibility and to plausibility of "entitlement to relief."[7]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[8]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[9]

"The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]  The complaint must include enough factual matter to raise a right to relief above the speculative level[11] and provide a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[12]  Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[13] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[7] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.

[8] *Iqbal,* 556 U.S. at 678 (citation omitted).

[9] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[10] *Iqbal*, 556 U.S. at 678 (citations omitted).

[11] *Twombly*, 550 U.S. at 555.

[12] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).

[13] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).

misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[14]  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[15]

In the discrimination context, the Supreme Court has held that a plaintiff need not plead facts sufficient to establish a prima facie case under the *McDonnell Douglas* framework to survive a motion to dismiss.[16]  Although the Court rendered *Swierkiewicz* before it clarified the pleading standard in *Twombly* and *Iqbal*, *Swierkiewicz*'s primary holding—that a plaintiff need not establish a prima facie case under *McDonnell Douglas* at the pleading stage—is still good law.[17] Interpreting *Swierkiewicz* post-*Twombly* and *Iqbal*, the Fifth Circuit has held that a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible."[18]  The two ultimate elements that a plaintiff must plausibly plead to support a disparate treatment claim are "(1) an adverse employment action, (2) taken against plaintiff *because of* her protected status."[19]  Thus, a plaintiff must allege facts—either direct or circumstantial--that would suggest that defendant's actions were based on her protected status or that defendant treated similarly situated employees outside of her protected class more favorably.[20] Conclusory assertions are insufficient.

**B.  Discrimination based on Sex**

"Disparate-treatment discrimination addresses employment actions that treat an employee

---

[14] *Iqbal*, 556 U.S. at 678 (quoting FED. R. CIV. P. 8(a)(2)).
[15] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations and citation omitted).
[16] *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *see also Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz,* 534 U.S. at 510–12).
[17] *See Twombly*, 550 U.S. at 555.
[18] *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (emphasis added) (citing *Raj*, 714 F.3d at 331).
[19] *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (internal quotations and citations omitted).
[20] *Raj*, 714 F.3d at 331; *see also Chhim*, 836 F.3d at 470 (citation omitted); *see also Stone v. La. Dep't of Revenue*, 590 F. App'x. 332, 339 (5th Cir. 2014).

worse than others based on the employee's . . . sex . . . ."[21]   The two ultimate elements a plaintiff must plead to support a sex-based disparate treatment claim under Title VII are (1) an adverse employment action (2) taken against a plaintiff because of her sex.[22]   The ultimate question is "'whether a defendant took the adverse employment action against a plaintiff *because of* her protected status.'"[23]

   "Adverse employment action" refers to an employment decision that negatively affects the compensation, terms, conditions, or privileges of employment.[24]   In the context of a discrimination claim, adverse employment actions involve "ultimate employment decisions" such as hiring, firing, demoting, promoting, granting leave, and compensating.[25]   Because an adverse employment action is an element of a discrimination claim, a plaintiff must allege that she suffered an adverse employment action because of discrimination.[26]   Conclusory allegations that do not contain sufficient content to allow the Court to draw the inference that the alleged adverse act was based on the protected characteristic does not satisfy the facial plausibility requirement for a discrimination claim.

   While Plaintiff's Amended Complaint sets forth numerous instances of alleged wrongs from 2014 to date, most of the identified issues fail to qualify as "adverse employment actions." (e.g., a co-worker allegedly telling her she "can't stand to be around white people" immediately after the 2016 election (¶ 17), being issued a verbal warning (¶ 39), uttering plaintiff's name ¶¶ 40, 71), being accused of not following instructions (¶ 41), lowered evaluations (¶¶ 45, 80), being excluded from lunch and breaks by co-workers (¶ 48), being accused by a co-worker of stealing

---

[21] *Cicalese*, 924 F.3d at 766 (quoting *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006)).
[22] *Id*. at 767 (internal quotation marks omitted) (emphasis in original); *see also Raj*, 714 F.3d at  331.
[23] *Id*. (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)).
[24] *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281–82 (5th Cir. 2004) (citations omitted).
[25] *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007); *Pegram*, 361 F.3d at 282.
[26] *See Raj*, 714 F.3d at 331.

time (¶ 62), not being selected for community outreach events (¶¶ 69-70, 90-91), unfair work distribution (¶ 75), and having her writing edited for style (¶ 78)).  Allegations regarding disparate mentoring and training (¶¶ 82-87) may qualify as an adverse employment action when same is directly tied to the worker's job duties, compensation, or benefits,[27] which Plaintiff has not alleged. Plaintiff's allegations regarding not being hired for certain positions (e.g., ISA position in late 2016 for which she was hired in January 2017 (¶¶ 19-26), not being hired at the correct pay grade (¶ 26-32), not being hired for the Legal Tech position in the Houston District Office Hearing Unit in April 2018 (¶¶ 52-58) before being hired as an investigator in the New Orleans Field Office position in May 2018 (¶¶ 59-60), being hired at a lower pay grade than her female co-worker (¶ 63)) do qualify as "adverse employment actions."

Even a liberal reading of Plaintiff's complaint, however, fails to reflect factual allegations suggesting that her sex played a role in her alleged adverse employment actions.  Indeed, her allegations are particularly problematic in this respect given her express assertions that her comparator who was allegedly treated better is also female. In short, Plaintiff's allegations do not, without more, provide enough factual content to state a *plausible* claim for relief.  At most, Plaintiff's allegations indicate that (a) she was subjected to adverse employment action and (b) she is female, which at most raises a *possibility* that her sex played a role in the decisions at issue.  But, as *Iqbal* and *Twombly* make clear, Plaintiff's obligations is to set forth sufficient facts that make a *plausible* claim, not just a *possible* claim, that her sex played any role in the decisions at issue.

Because Plaintiff has failed to allege sufficient facts to establish that she suffered an adverse employment action based on her sex, she has failed to state a claim for sex discrimination.

---

[27] *Rahman v. Exxon Mobil Corp.,* 56 F.4th 1041, 1045 (5th Cir. 2023) (citing *Shakelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406-07 (5th Cir. 1999)).

C. **Discrimination based on Disability**

Plaintiff alleges that she is a qualified individual with a disability (ECF No. 20 ¶ 11), she submitted a Schedule A letter in which her doctor stated "the nature" of her disability (*id*. ¶ 22), and she has been under the care of a physician for generalized anxiety and depression since 2005 (*id*. ¶ 196).  Plaintiff's Amended Complaint does not, however, set forth how her generalized anxiety and depression has substantially limited one or more major life activities nor does she allege that the particular decisionmakers involved in her employment decisions were aware of her disability and how that disability impacted her relevant abilities.

Plaintiff asserts that Defendant was aware of her condition when it hired her and after a May 2019 meeting where she provided details of her disability and medications when requesting a telework reasonable accommodation, which was initially granted.  *Id.* ¶¶ 94-95.  In July 2019, however, Plaintiff was told she could no longer telework during vanpool, which Plaintiff attributed to her race and which decision was initially overturned and then re-instated in August 2019.  *Id.* ¶ 101, 103-05, 111-13.  Plaintiff contends Defendant discriminated against her by hiring her at a lower GS step than a co-worker, failing to accurately record her education level, and by modifying or discontinuing the telework reasonable accommodation previously granted to her, in violation of the Rehabilitation Act of 1973.  ECF No. 20 ¶¶ 195-204.

Section 504(a) of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."  29 U.S.C. § 794(a).  The standards used to determine a violation are the same standards as applied under the Americans with Disabilities

Act.  *Id.* § 794(d).  To state a discrimination claim under the Rehabilitation Act, Plaintiff must

allege: (1) she is an individual with a disability; (2) who is otherwise qualified; (3) who worked

for a program or activity receiving federal financial assistance; and (4) that she was discriminated

against solely by reason of her or his disability.[28]  Plaintiff need not, however, establish a prima

facie case in order to survive at the pleading stage.[29]

A claim for failure to accommodate is distinct from a claim of disparate treatment.[30]  As

defined by the ADA, the term "discrimination" includes "not making reasonable accommodations

to the known physical or mental limitations of an otherwise qualified individual with a disability."

42 U.S.C. § 12112(b)(5)(A).  Reasonable accommodations are "[m]odifications or adjustments

that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of

employment as are enjoyed by its other similarly situated employees without disabilities." 29

C.F.R. § 1630.2(o)(1)(iii). To be reasonable, the accommodation must not impose an "undue

hardship" on the employer.[31]

The right to accommodation affords only reasonable accommodation, not the employee's

preferred accommodation.[32]  To establish a failure to accommodate, the plaintiff must prove that

she: (1) is a qualified individual with a disability; (2) the disability and its limitations were known

by the covered employer; and (3) the employer failed to make reasonable accommodation for the

---

[28] *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997) (citations omitted); see also *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996) (citing *Rizzo v. Children's World Learning Centers, Inc.,* 84 F.3d 758, 763 (5th Cir. 1996)); *Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008) (stating that the "solely by reason of" language is the correct standard for determining whether a violation of Section 504 has occurred) (citations omitted).
[29] *See Raj*, 714 F.3d at 331 (citing *Swierkiewicz*, 534 U.S. at 510–12).
[30] *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 703 n.6 (5th Cir. 2014).
[31] 42 U.S.C. § 12112(b)(5)(A);  *see* 29 C.F.R. §§ 1630.2(o), (p) ("An agency is required to make reasonable accommodation to the known physical and mental limitations of a qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship.").
[32] *E.E.O.C. v. Agro Distrib., LLC*, 555 F.3d 462, 471 (5th Cir. 2009) (citations omitted).

known disability.[33]   Plaintiff bears the burden of showing a failure to accommodate under the Rehabilitation Act.[34]

Plaintiff's allegation that she suffers from generalized anxiety and depression alone is not sufficient to state a claim.[35]   Indeed, neither the Supreme Court nor the Fifth Circuit has recognized the concept of a *per se* disability under the ADA, no matter how serious the impairment.[36]   Merely having an impairment or being diagnosed with a condition does not make one disabled for purposes of the ADA; the plaintiff must show that the impairment or condition limits a major life activity.[37]   Under the Rehabilitation Act, major life activities include functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.[38]   To determine whether an impairment is substantially limiting, the court must consider "(i) the nature and severity of the impairment, (ii) the duration or expected duration of the impairment, and (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment."[39]

Because Plaintiff has alleged only that she was diagnosed with certain conditions and has not set forth any facts to support her conclusory assertion that she is a qualified individual with a

---

[33] *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (citing *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (internal quotations and citation omitted)); *Clark v. Champion Nat'l Sec., Inc.,* 952 F.3d 570, 587 (5th Cir. 2020) (citation omitted); *Stokes v. Nielsen*, 751 F. App'x 451, 454 (5th Cir. 2018) (citation omitted).

[34] *Sapp v. Donohoe*, 539 F. App'x 590, 596 (5th Cir. 2013) (citing *Riel v. Elec. Data Sys. Corp.,* 99 F.3d 678, 683 (5th Cir. 1996) (holding so in the context of an Americans with Disabilities Act ("ADA") claim); *Delano–Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002) (holding that "jurisprudence interpreting either" the ADA or the Rehabilitation Act "is applicable to both" (quoting *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000))).

[35] *See Mann v. La. High Sch. Athletic Ass'n*, 535 F. App'x 405, 411–12 (5th Cir. 2013) (citations omitted) (holding that plaintiff's diagnosis of anxiety disorder was insufficient, standing alone, to support finding that he was likely to succeed in proving he was disabled under the ADA).

[36] *See Griffin v. United Parcel Serv., Inc*., 661 F.3d 216, 223 (5th Cir. 2011).

[37] *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195, (2002), *abrogated on other grounds by ADA Amendments Act of 2008*, U.S. Pub. L. 110–325 (2009); *see* 42 U.S.C. § 12102(1), (2).

[38] *Talk v. Delta Airlines, Inc*., 165 F.3d 1021, 1024-25 (5th Cir. 1999); *see Hamilton v. Sw. Telephone Co.*, 136 F.3d 1047, 1050 (quoting 29 C.F.R. § 1630.20(i)); *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995) (same); *see also Williams*, 534 U.S. at 195 (quoting 45 C.F.R. § 84.3(j)(2)(ii)(2001)); *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 316-17 (5th Cir. 2001); *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001).

[39] *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011) (citation omitted).

disability or that the relevant decisionmaker was aware of her conditions and resultant limitations, she has failed to state a disability claim.

### D. Pre-May 24, 2019 Alleged Acts of Retaliation

To state a retaliation claim, Plaintiff must allege that (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal connection exists between the protected act and the adverse action (i.e., the protected activity was the "but for" cause of the alleged retaliation).[40]

An employee has engaged in activity protected by Title VII if she has either (1) opposed a practice made unlawful by Title VII or (2) made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.[41]  "[T]he opposition clause does not require opposition alone; it requires opposition of a practice made unlawful by Title VII."[42] Thus, an employee "cannot simply complain that she received unfair or undesirable treatment."[43] Under Fifth Circuit precedent, a vague complaint, without reference to an unlawful employment practice under Title VII, does not constitute protected activity.[44]  The employee must refer to conduct that could plausibly be considered discriminatory in intent or effect, thereby alerting the

---

[40] *Everett v. Cent. Miss., Inc. Head Start Program*, 444 F. App'x 38, 43 (5th Cir. 2011) (citation omitted).

[41] *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)); *see also Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372–73 (5th Cir. 1998) (quoting 42 U.S.C. § 2000e-3(a) (citing *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996)).

[42] *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016) (emphasis in original) (citation omitted).

[43] *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) (citing *Richard v. Cingular Wireless LLC*, 233 F. App'x 334, 338 (5th Cir. 2007)).

[44] *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (collecting cases); *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 396 (5th Cir. 2008) (per curiam) ("Complaining about unfair treatment without specifying why the treatment is unfair, however, is not a protected activity") (citation omitted); *Harris-Childs v. Medco Health Sols., Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) (per curiam) (finding that an employee did not engage in protected activity when she complained of harassment but did not mention race or sex); *Moore v. United Parcel Serv., Inc.*, 150 F. App'x 315, 319 (5th Cir. 2005) (affirming summary judgment because plaintiff did "not engage in a protected activity, as his grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII.  Rather, [he] simply complained that [defendant] had violated its agreement with the union. [His] grievance . . . made no mention of race discrimination . . . .").

employer of its alleged discriminatory practice.[45]  Although the complaint summarizes numerous instances where she complained to her superiors before May 24, 2019, none of those complaints included any reference to her race, sex, age or disability before May 24, 2019.

It is essential for a court to find an element of causation between the complaint and the adverse employment action suffered.[46]  To the extent Plaintiff relies upon any pre-May 24, 2019 actions to support her retaliation claim, that claim must fail because adverse action before engaging in a "protected activity" cannot form the basis of a retaliation claim as there is no "causal connection between the protected activity and the adverse employment action" as necessary to state a claim for retaliation. [47]

### E.  Availability of Amendment

"The court should freely give leave [to amend a pleading] when justice so requires."[48] While Plaintiff has already amended her complaint once, under the circumstances of this case, the Court finds that Plaintiff should be granted leave to amend her complaint with respect to her claims of sex and disability discrimination.  Indeed, unless it is clear that the plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[49]

---

[45] *Allen v. Envirogreen Landscape Pros., Inc.,* 721 F. App'x 322, 326–27 (5th Cir. 2017) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007)).

[46] *Tratree*, 277 F. App'x at 396.

[47] *Watkins v. Texas Dep't of Crim. Just.*, 269 F. App'x 457, 462 (5th Cir. 2008); *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (citations omitted).

[48] FED. R. CIV. P. 15(a)(2); *see F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . .leave to amend a pleading").

[49] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *see also Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.") (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted).

The court will grant Plaintiff leave to file a second amended complaint within 14 days, if she chooses to do so, to sufficiently allege her claims of discrimination based on sex and disability.[50]   Failure to file a Second Amended Complaint that properly sets forth the necessary facts with respect to each required element of her claims for sex discrimination, disability discrimination or pre-May 24, 2019 retaliation within that time will result in dismissal of those claims.

IV.     **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion for Partial Dismissal (ECF No. 23) is GRANTED.   The Court further GRANTS Plaintiff leave to file a second amended complaint within fourteen days of this Order.

New Orleans, Louisiana, this __6th__ day of February, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[50] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006).  Plaintiff is reminded of Federal Rule 8(a)(2)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."   Conclusory allegations or lengthy factual assertions that do not provide any basis for relief are counterproductive.